Antonio A. GILES, Jr., Plaintiff,

v.

SECRETARY OF the ARMY, Defendant.

Civ. A. No. 77–0904.

United States District Court, District of Columbia.

Nov. 27, 1979.

Barton F. Stichman, David F. Addlestone, Washington, D.C., for plaintiff.

John Oliver Birch, Michael J. Ryan, Asst. U. S. Attys., John A. Terry, Chief Asst. U. S. Atty., Washington, D.C., for defendant.

## ORDER

BARRINGTON D. PARKER, District Judge.

Upon consideration of plaintiff's motion for certification of this case as a class action, defendant's opposition thereto, and the entire record herein, and the Court finding that this action meets all the requirements of Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, in that

1. There are at least one thousand members of the class for which certification is sought and joinder of all members is impracticable;

2. There are questions of law common to the class regarding whether defendant's issuance of a less than honorable discharge to each class member violates Article 31 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 831;

3. Plaintiff's claim as to Article 31 is typical of the claim of the class;

4. Plaintiff has fairly and adequately represented the interests of the class in that plaintiff's delay in amending the complaint to seek class status was not unreasonable and was caused by defendant's failure to state the grounds upon which plaintiff's discharge upgrade applications were denied until defendant filed his cross-motion for summary judgment; and

5. By issuing each class member a less than honorable discharge in an administrative proceeding in which the Army introduced evidence of urinalysis testing to which each class member was compelled to submit, defendant has acted on grounds generally applicable to the class; and the Court further finds that

6. Defendant, through use of the systems of records known as MILPERCEN and the Defense Manpower Data Center ("DMDC") and the systems of records maintained by the Army Discharge Review Board in microfilm or automated data tapes, can compile, at reasonable cost, a list of former Army servicemembers who were separated with a less than honorable discharge by reason of drug abuse;

7. Such a list would contain approximately 10,000 former servicemembers identified through MILPERCEN and DMDC and a smaller number through the Army Discharge Review Board systems of records. A large percentage of the individuals so identified are members of the class certified herein;

8. By reviewing the military personnel records, maintained at the National Personnel Records Center in St. Louis, Missouri, of all those individuals on such list, defendant can determine, at reasonable cost, which of those individuals are members of the class certified herein;

9. Defendant can obtain, at reasonable cost, the last known address of each of these class members from the personnel records maintained at the National Personnel Records Center, the records maintained by the Army Discharge Review Board or Board for Correction of Military Records, or the records maintained by the Defense Manpower Data Center or the Veterans Administration;

10. Notification of their right to receive an honorable discharge certificate to those class members who cannot be identified through use of the procedures described in paragraphs 7–10 above can be reasonably achieved through Army press releases and through publication in the Federal Register and in the rules of the Army's discharge review agencies; and

11. Most of the members of the class certified herein are unlikely to know either that there are agencies available by which

they can obtain an upgrade in their discharge or that they were unlawfully issued a less than honorable discharge and are legally entitled to an honorable discharge; and it is this 27th day of November, 1979, hereby

ORDERED that plaintiff's motion to certify this case as a class action is granted and that the class represented by plaintiff, consisting of all former servicemembers of the United States Army who presently possess less than honorable administrative discharges which were characterized as less than honorable in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for purposes of entry into a treatment program or to monitor progress during rehabilitation or follow-up), is hereby certified under Rules 23(b)(2) and 23(c) of the Federal Rules of Civil Procedure; and it is further

ORDERED that this action may be maintained as a class action on behalf of all persons included in the class certified in this Order, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure; and it is further

DECLARED that defendant's issuance of a less than honorable administrative discharge to the members of the class, and defendant's refusal to recharacterize such discharges, violates Article 31 of the Uniform Code of Military Justice, 10 U.S.C. § 831; and it is further

ORDERED that by January 2, 1980,

defendant compile a list of all those former Army servicemembers who were separated with a less than honorable discharge by reason of drug abuse and who can be identified through the use of the system of records known as MILPERCEN, the systems of records maintained by the Army Discharge Review Board on microfilm or automated data tapes which contain information on past Board applicants, the system of records maintained by the Defense Manpower Data Center, or any other system of records that defendant has access to and which is automated, and that defendant file with the Court and serve plaintiff with a report that describes how this list was created and which, at minimum, separately states, for each such system of records, the number of individuals on the list who were identified through such system; and it is further

ORDERED that by May 15, 1980,

defendant review the personnel and medical records of those individuals on the list and determine which are members of the class certified herein and file with the Court and serve plaintiff with a report that describes the results of this review and which, at minimum, separately states (i) the number of individuals on the list who were determined to be class members, (ii) the various categories of reasons that individuals on the list were determined not to be class members, and (iii) the number of individuals who were determined not to be class members for each of the various categories of reasons; and it is further

ORDERED that by July 15, 1980,

defendant determine the last known address of each of those individuals on the list referred to above whom defendant determines are members of the class, by obtaining the last known address which defendant can obtain from the personnel records maintained at the National Personnel Records Center, the records maintained at the Army Discharge Review Board and/or Board for Correction of Military Records, and the records maintained by the Defense Manpower Data Center and/or the Veterans Administration, and by using the most recent address of those obtained, and that defendant file with the Court and serve plaintiff with a report that describes how the last known address was determined and which, at minimum, separately states the number of last known addresses which were obtained from each of the sources described above; and it is further

ORDERED that by September 1, 1980,

defendant recharacterize to honorable the discharge of each of the individuals whom defendant determines are members of the

class certified herein and that defendant send an honorable discharge certificate by certified mail to each of these individuals at the address defendant determines is the last known address, and that defendant send a copy of the cover letter in this certified mailing to those individuals and organizations listed as counsel, if any, on those applications for an upgrade in discharge that have been filed by members of the class certified herein with the Army Discharge Review Board or Board for Correction of Military Records; and it is further

ORDERED that by October 15, 1980,

defendant file with the Court and serve plaintiff with a report that describes the results of the mailing and which, at minimum, states the number of certified letters that were mailed and the number of such letters that were returned to defendant without being delivered; and it is further

ORDERED that defendant place in the personnel file of each member of the class certified herein for whom the certified mailing is returned to defendant without being delivered, the mailing and a notice directing those who have access to the file and contact with the class member to inform the class member of his or her new discharge status; and it is further

ORDERED that by January 2, 1980,

defendant publish in the Federal Register, and include in the regulations of the Army Discharge Review Board and Board for Correction of Military Records, the substantive rule that a former Army servicemember is entitled to an honorable discharge if a less than honorable discharge was issued to the servicemember in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for the purposes of entry into a treatment program or to monitor progress during rehabilitation or follow-up), and that future applications to either of the two review agencies shall be adjudicated in accordance with this substantive rule and the procedures set forth below, if applicable; and it is further

ORDERED that by January 2, 1980,

defendant shall issue a press release of the type that receives the widest dissemination of those types of press releases issued by the Army and shall include in the press release (1) notice that all former Army servicemembers who fit within the substantive rule discussed above shall have their discharges expeditiously upgraded to honorable if they apply to the Army Discharge Review Board, (2) information concerning how an individual can apply to this Board and the code word or phrase that should be used to obtain expeditious recharacterization to honorable, and (3) the address(es) and telephone number(s) from which individuals can obtain information from the National Military Review Discharge Project or its associated organizations (counsel for plaintiff shall not be named); and it is further

ORDERED that defendant shall designate a particular individual who will be responsible for reviewing, without a formal Board proceeding, applications to the Army Discharge Review Board or Board for Correction of Military Records in which the applicant uses the code word or phrase or otherwise alleges that he or she is a member of the class certified herein and that defendant shall expeditiously act on such applications by sending the individual an honorable discharge certificate if defendant determines that the applicant is a member of the class certified herein or by referring the application back to the appropriate Board if defendant determines that the applicant is not a class member; and it is further

ORDERED that the individual designated by defendant to review such applications send to counsel for plaintiff, every other month beginning February 1, 1980, and ending February 1, 1982, a report describing the number of such applications and the action that has been taken on them; and it is further.

ORDERED that defendant shall provide counsel for plaintiff, upon request, with any other information concerning implementa-

tion of the terms of this Order that is reasonably necessary in order for plaintiff to determine whether defendant has complied with this Order.