Antonio A. GILES, Jr. et al., Appellees,

v.

SECRETARY OF the ARMY, Appellant.

Nos. 79–2393, 79–2464.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 29, 1980.

Decided July 16, 1980.

Mary A. McReynolds, Atty., Dept. of Justice, Alice Daniel, Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty. and Michael Kimmel, Atty., Dept. of Justice, Washington, D. C., on brief, for appellant.

Barton F. Stickman and David F. Addlestone, Washington, D. C., on brief, for appellee.

Before WILKEY, WALD and EDWARDS, Circuit Judges.

Opinion for the Court filed by Circuit Judge EDWARDS.

EDWARDS, Circuit Judge:

This case involves an appeal by the Secretary of the Army from two orders issued in favor of appellees. The first order, granting a summary judgment in favor of the

named plaintiff, Antonio A. Giles, Jr., was issued on September 21, 1979. J.App. 537. This first order was based upon a Memorandum Opinion by the Honorable Barrington D. Parker, District Judge, dated August 24, 1979. J.App. 526–536; reported at 475 F.Supp. 595 (1979). The second order, granting plaintiff's motion to certify the case as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and ordering relief for the certified class, was issued on November 27, 1979. J.App. 554–560; reported at 84 F.R.D. 374 (1979).

In the action before the District Court, plaintiffs complained that they had been improperly separated from the Army with less than honorable discharges. In particular, plaintiffs contended that since their service discharges were based, at least in part, upon compelled evidence, in the form of urinalysis test results secured during the course of treatment in the Army's Drug and Alcohol Abuse Prevention and Control Program, *see* note 6 *infra*, their rights under Article 31 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831 (1976),[1] had been violated.

The District Court, relying on the statutory privilege against self-incrimination found in Article 31, held that the Army's use of the disputed urinalysis evidence in administrative discharge proceedings had in fact violated appellees' rights under the UCMJ. Given this finding, the District Court ordered automatic service upgradings, from less than honorable to honorable discharges, for Giles and all other members of the class certified by the District Court. *See* note 8 *infra*.

On appeal, the Army contends, *inter alia*, that any class member who now desires to challenge his less than honorable discharge should be required to apply to the Army Discharge Review Board for reconsideration. Under this proposed modified remedy, the Review Board would be authorized to review an applicant's entire military record, excluding any tainted urinalysis evidence; following such a review, the Review Board would then be authorized to determine whether to upgrade or otherwise amend the applicant's discharge classification.[2]

Under the modified remedy proposed by the Army, if no independent ground for a less than honorable discharge appears in the applicant's military record, then the Review Board would be required to issue an honorable discharge to the class member seeking reconsideration. The Army urges that such a remedial procedure should be followed because it is consistent with current Army regulations.[3] Although we reject this ap-

---

1. Article 31 of the UCMJ provides:

   (a) No person subject to this chapter may compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him.

   (b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

   (c) No person subject to this chapter may compel any person to make a statement or produce evidence before any military tribunal if the statement or evidence is not material to the issue and may tend to degrade him.

2. The primary thrust of the Army's position on this point is that the automatic upgrading remedy, embodied in the opinion and orders of the

District Court, is overbroad. However, in addition to this point, the Army has also contended that Article 31 does not apply when information is elicited solely for use in administrative proceedings; that, even if the exclusionary rule implicit in Article 31 is applicable in this case, the District Court erred in applying that standard retroactively; and that class members should be required to exhaust available administrative remedies before any adjustment is made to their discharge classifications. As will be clear from our opinion, we find no merit in appellant's arguments made with respect to these last three points and we accept the opinion of the District Court in its disposition of these issues.

3. Under current regulations the Army may either introduce urinalysis test results derived from the drug rehabilitation program into discharge proceedings and issue an honorable discharge, or exclude such evidence and issue whatever discharge is warranted by the bal-

proach for the reasons set forth herein, we do find some merit in the Army's request for a modification of the scope of the remedy prescribed by the District Court. Accordingly, we hereby affirm the judgment of the District Court except as indicated otherwise with respect to the scope of the remedy.

## I.

On March 27, 1974, appellee Antonio A. Giles, Jr. was administratively separated from the United States Army for drug abuse and issued a general (under honorable conditions) discharge ("general discharge").[4] Prior to his separation from the Army, Giles had been identified as a drug abuser through compelled urinalysis[5] and placed in the Army's Drug and Alcohol Abuse Prevention and Control Program.[6] Despite periodic counseling and detoxification efforts, repeated urinalyses under the program disclosed continued drug abuse. Giles was finally adjudged a rehabilitative failure and, after administrative proceedings at which evidence of compelled urine samples was considered, he was issued a general discharge.

In March, 1975, Giles applied to the Army Discharge Review Board for recharacterization of his general discharge to honorable discharge.[7] One asserted basis for his application was that, because the Army had introduced the results from the compelled urinalysis tests in his discharge proceedings, his general discharge was issued in violation of the Article 31 protections against forced self-incrimination. In December, 1975, the Discharge Review Board denied his request, as did the Army Board for Correction of Military Records in December, 1976. Five months later Giles filed this lawsuit, seeking declaratory and injunctive relief. The complaint was subsequently amended to add class action allegations.[8]

ance of the service member's record. *See* Army Regulation 600–85, ¶¶ 3–16(a), 3–18(d) (May 1976). App.Reg. 4, 7. The regulation extant at the time of appellees' discharges permitted a "general, under honorable conditions" characterization despite the cognizance of drug program data in the discharge proceedings. *See* Army Regulation 635–200, ¶ 13–31 (November 1972). App.Reg. 39. The current regulations would be applied in upgrading class members' discharge certificates under the Defense Department's "current policies" test. *See* 32 C.F.R., Part 70.6(c) (1979).

4. At the time Giles and the class members were discharged, individuals separated administratively could receive one of three types of discharge certificates: honorable; general, under honorable conditions; or undesirable. *See* Army Regulation 635–200, ¶ 1–5 (December 1973). App.Reg. 16. Two other types of discharges, bad conduct and dishonorable, can result only from a sentence by court-martial. *See* 10 U.S.C. §§ 818, 819 (1976).

5. At no time was Giles advised that Article 31 of the UCMJ authorized him to refuse to provide urine samples. *See United States v. Jordan,* 7 C.M.A. 452, 22 C.M.R. 242 (1957). Appellant has argued that the holding in *Jordan* should be limited to cases involving court-martial proceedings. However, this suggestion is plainly nullified by the Court of Military Appeals decision in *United States v. Ruiz,* 23 C.M.A. 181, 48 C.M.R. 797 (1974).

6. In 1971 Congress authorized military programs to "identify, treat, and rehabilitate members of the Armed Forces who are drug or alcohol dependent persons. . . ." Pub. L.No. 92–129, § 501(a), 85 Stat. 348, 361 (1971). The program which the Army implemented in 1972, *see* 37 Fed.Reg. 7791 (1972), *codified in* 32 C.F.R., Part 60 (1979), and in which appellees participated, was thoroughly described and generally approved by this Court in *Committee for GI Rights v. Callaway,* 518 F.2d 466 (D.C. Cir.1975).

7. Any individual separated with a general or undesirable discharge may request review of that discharge, including the reasons for both the separation and the characterization, in accordance with established procedures and standards. *See* 32 C.F.R., Part 70 (1979).

8. The District Court certified a class

of all former service members of the United States Army who presently possess less than honorable administrative discharges which were characterized as less than honorable in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for purposes of entry into a treatment program or to monitor progress during rehabilitation or follow-up). . . . .

*Giles v. Secretary of the Army,* 84 F.R.D. 374, at 376 (D.D.C.1979).

## II.

The District Court granted Giles' request for summary judgment. We hereby affirm the judgment of the District Court, with respect to all of the substantive issues raised in this appeal, for the reasons stated in the Memorandum Opinion by Judge Parker.

The keystone of the District Court's judgment in favor of appellees was the 1974 Court of Military Appeals decision in *United States v. Ruiz*, 23 C.M.A. 181, 48 C.M.R. 797 (1974), which invalidated an order compelling urinalysis where the test results might be used in administrative discharge proceedings in which the service member could be issued a less than fully honorable discharge. The military court held such an order violative of the Article 31 prohibition against compelled self-incrimination. The District Court in this case thus ruled that, under *Ruiz*, Article 31 applied to administrative proceedings, as well as to court martial proceedings, and concluded that the Army could not use the fruits of the illegal orders to mete out the very type of punishment that rendered the orders illegal in the first place.[9]

Given the circumstances of this case, including the Army's adoption of *Ruiz* following the issuance of the opinion by the Court of Military Appeals (*see* note 3, *supra*), we find it unnecessary to pass upon the validity of the decision in *Ruiz*. Rather, we deal here with certain inequities that have arisen by virtue of inconsistencies in the application of Army regulations.

■ Because *Ruiz, supra*, was decided before Giles' administrative and judicial appeals, albeit after his discharge, the District Court questioned the Army's contention that *Ruiz* was being applied retroactively, as that concept was defined in *Linkletter v. Walker*, 381 U.S. 618, 622, 85 S.Ct. 1731, 1733, 14 L.Ed.2d 601 (1965). Although the District Court was not convinced that *Ruiz* was being applied retroactively, it nevertheless found three bases[10] to justify the application of *Ruiz, supra*, in this case: (1) *Ruiz* did not announce a new rule of law not foreshadowed by previous judicial decisions;[11] (2) the benefits of discharge upgrading in this case would clearly exceed any burden imposed upon society and the legal system; and (3) both the Court of Military Appeals and the Judge Advocate General had applied *Ruiz* retroactively.[12] Given these considerations, the District Court held that the rule of *Ruiz* applied to *Giles* and to others similarly situated. We find no error in this holding.

■ The Army also argued that because Giles had never invoked an Article 31 right, he could not complain that his discharge was based on its denial. However, Giles had never been informed of his statutory right not to incriminate himself; the District Court thus properly found that his failure to invoke Article 31 did not foreclose its application in this case.

## III.

As to the question of an appropriate remedy, the District Court held that the admission of tainted urinalysis evidence required the issuance of honorable discharges for all affected class members, even though non-drug related evidence in certain service members' military records might support a lesser discharge characterization. Thus, the court concluded that upgrading should be

---

9. Citing *Bland v. Connally*, 293 F.2d 852, 858 (D.C.Cir.1961), the District Court recognized that "a general discharge carries with it a stigma with many harmful features of an undesirable discharge. Not only is a person's reputation injured and jeopardized, but employment opportunities are restricted, both in the public and private sector[s]." *Giles v. Secretary of the Army*, 475 F.Supp. 595, 598 (D.D.C.1979).

10. *See generally, Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971).

11. *See United States v. Forslund*, 10 C.M.A. 8, 27 C.M.R. 82 (1958); *United States v. Jordan*, 7 C.M.A. 452, 22 C.M.R. 242 (1957).

12. *See United States v. McFarland*, 23 C.M.A. 701, 50 C.M.R. 907 (1975); *United States v. Lyver*, JAAJ–ED SPCM 1975/3018 (J.App. 88–89, 254).

automatic, regardless of non-drug related evidence adduced in the discharge proceedings or available from the service member's overall military record. The District Court developed a timetable pursuant to which the Army is required to identify and notify class members of their entitlement to honorable discharges. Following the Army's appeal, this court ordered an expedited briefing schedule and argument so that our opinion would issue before the culmination of the discharge recharacterization process on September 1, 1980, as required by the timetable established pursuant to the order of the District Court.

## IV.

Although we hereby act to affirm the judgment of the District Court on the substantive issues raised by the appeal, we believe that the remedy mandated by the lower court is overly broad. Accordingly, for the reasons here given, the remedial portion of the District Court's judgment shall be modified to conform with this opinion.

■ All *class members* (as defined in note 8 *supra*) who were charged only with drug abuse shall be entitled to an automatic upgrading of their discharges to honorable. However, with respect to any class member who, *in his original discharge proceeding*, was charged with some other form of misconduct which could have independently supported a less than honorable discharge, the Army should have the option to initiate new administrative proceedings based solely on the non-drug related conduct.[13] In other words, the Army may elect to initiate new proceedings for any class member whose service was characterized as less than honorable for reasons unrelated to compelled urinalysis but whose records at the initial

discharge proceeding contained evidence of such urinalysis. We believe that this judgment, which modifies the District Court order mandating automatic upgrading for all class members, conforms the relief more closely to current Army policy.

As noted above, under existing regulations, the Army may elect to honorably discharge a service member on the basis of evidence obtained through tests made during the drug rehabilitation program or seek to separate a service member with a less than honorable discharge on the basis of the service member's overall record excluding such drug evidence. *See* note 3 *supra*. Although not an issue in this matter, appellees have made no claim to even suggest that this current Army policy is inconsistent with some overriding constitutional or illegal mandate. Since we can find no basis to question the legitimacy of the existing policy, and since there is no good reason to justify an award of relief which accords substantially more favorable treatment to appellees than is available to service members presently in the Army, we believe that the remedy in this case should be modified as indicated.

We have rejected the appellant's proposed modification of the District Court order because it is unduly restrictive. For one thing, under the Army's proposal, the Army Discharge Review Board would be authorized to review a class member's entire military record, excluding the tainted urinalysis evidence, to determine whether to reclassify the service member. Such a procedure would be grossly unfair because it would allow the Army to belatedly raise charges against a class member even though those charges were never contemplated or raised in the original discharge proceedings. For another thing, under the Army's proposal, the review of each class

13. We are concerned here only with discharge proceedings in which the Army introduced evidence developed by, or as a direct or indirect result of, compelled urinalysis testing administered for the purpose of identifying drug abusers (either for purposes of entry into a treatment program or to monitor progress during rehabilitation or follow-up).

Certain drug offenders apprehended or investigated apart from the drug rehabilitation pro-

gram may still be subject to general or undesirable discharge. *See* Army Regulation 600–85, ⸿ 3–17(b) (May 1976). App.Reg. 4. Similarly, if a service member or his counsel initially introduces drug related evidence in discharge proceedings, the type of discharge certificate issued is not restricted to honorable merely because of the presence of such evidence (or rebuttal thereto) in the discharge action record. *See id.*, ¶ 3–18(d). App.Reg. 7.

member would occur at an appellate level, in a proceeding conducted by the Army Discharge Review Board. To allow such procedure would be to deny the service member the safeguards that are otherwise available in an administrative discharge proceeding. *See* note 14 *infra.* In light of these considerations, it is plain that the appellant's proposal to modify the District Court order does not comport—and in some respects it is basically at odds—with the Army regulations presently in force. Since we have modified the District Court order to prevent a remedial windfall in favor of appellees, it would be anomalous indeed for us to approve a new remedy that denies appellees the minimum protections presently available to service members who are now in the Army.

Under the modified remedy here imposed, the Army must give reasonable notice, not to exceed ninety days following the date of this decision, to any class members against whom it intends to initiate new administrative proceedings for misconduct other than drug abuse under the rehabilitation program. Once contacted, these veterans should be informed that they have the right to participate in the new proceedings or to elect to maintain their existing discharge status. Such proceedings must be instituted *ab initio, i. e.* not at the Discharge Review Board level, with the full complement of procedural protections normally accorded a service member prior to administrative separation.[14] A class member shall be entitled to an automatic upgrading to honorable if the Army elects not to initiate new administrative proceedings or if the Army fails to give the class member timely notice as required by this opinion.

We emphasize that only those class members who were originally charged with misconduct apart from drug abuse under the rehabilitation program are subject to this procedure. No new allegations of misconduct can now be raised with respect to any class member. The Army is thus prohibited

from searching the files of any veterans in the affected class to determine whether they could have been charged with other misconduct at the time when they were initially separated. If drug abuse under the program was the sole basis for the stigmatizing discharge in the original discharge proceedings, then the service member is entitled to the benefit of the lower court's order requiring that such stigma be expunged automatically under the established timetable.

V.

This case is hereby remanded to the District Court with instructions to modify the remedy in favor of appellees in accordance with the opinion here rendered. With this one exception, it is ordered and adjudged by this Court that the judgment and orders of the District Court appealed from in this cause are hereby affirmed.

*So ordered.*

---

14. These protections include written notification of the specific allegations supporting discharge, an opportunity to appear before the administrative discharge board with counsel provided by the Army, and a right to request

that material witnesses appear and to examine such witnesses. *See* Army Regulation 635–200, ¶¶ 1–18 and 1–25 (November 1977). App. Reg. 48–49, 53–55.