**VIETNAM VETERANS OF AMERICA, Roosevelt L. Robinson, Jorge L. Fuentes, Plaintiffs,**

v.

**SECRETARY OF the NAVY, Defendant.**

**Civ. A. No. 85–3208.**

United States District Court, District of Columbia.

June 6, 1986.

As Amended Aug. 20, 1986.

Michael J. McDanold, Sidley & Austin, Barton F. Stichman, Vietnam Veterans of America Legal Defense Fund, Washington, D.C., for plaintiffs.

Michael L. Martinez, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

REVERCOMB, District Judge.

This matter is before the Court on defendant's Motion to Dismiss, Cross-Motions for Summary Judgment, and plaintiff's Motion for Class Certification. The Court has thoroughly considered the memoranda filed and extensive argument heard in support of each motion, as well as the entire record. As agreed at the hearing in this matter, plaintiff's motion for class certification is being held in abeyance pending decision on the remaining motions.

Plaintiffs brought this action for declaratory and injunctive relief against the United States Navy, challenging the Navy's practices and policies regarding recharacterization and upgrading of administrative discharges issued solely for personal use or possession of drugs.

By memorandum issued July 7, 1971, then Deputy Secretary of Defense Packard stated a new Department of Defense policy to encourage voluntary treatment of military members for drug abuse. Evidence of drug use developed through urinalysis could not be used to discipline or discharge a member under other than honorable conditions, nor could such action occur to a member who volunteered for treatment.

Consistent with this new policy of nonpunishment, then Secretary of Defense Laird directed the Military Secretaries in August, 1971 to review certain administrative discharges under other than honorable conditions for recharacterization. Discharges affected had to be finalized or in process on or before July 7, 1971, and based solely on personal use of drugs or possession of drugs for personal use. Each Secretary was authorized to upgrade discharges of former members who applied to a Discharge Review Board (DRB) for recharacterization, and established facts consistent with the new policy. Applicants could appeal the decision of the Navy's DRB to a Board for Correction of Naval Records (BCNR). Secretary Laird subsequently expanded the scope of this August, 1971 memorandum to include discharges and dismissals resulting from court-martial convictions.

Defendant Secretary of the Navy contends the Laird memoranda give him discretion to deny upgrading discharges, even if former servicemembers meet all the Laird memoranda prerequisites for recharacterization. Plaintiffs allege that defendant's practices and policies violate their constitutional and statutory rights on several grounds. First, plaintiffs allege defendant's interpretation of the Laird memoranda is contrary to the intent of, and standards imposed by, that directive. Accordingly, plaintiffs contend defendant's DRB and BCNR's practice of denying upgrades of discharges which fall within the parameters of the Laird memoranda, are unlawful within the meaning of the Administrative Procedure Act, 5 U.S.C. 706(2).

To support their two remaining allegations that defendant violated their rights, plaintiff contend the Navy's interpretation of the Laird memoranda fundamentally differs from the Army and Air Force's interpretation. Plaintiffs allege this disparity ignores the statutory requirement that re-characterization of discharges be conducted by all military services according to uniform standards, and violates plaintiffs' Fifth Amendment constitutional right to equal protection of the laws.

The Court concludes there exist genuine issues of material fact as to plaintiffs' second and third claims.[1] Accordingly, summary judgment cannot be entered for either party as to those claims. Since the entire complaint seeks declaratory and injunctive relief, however, the Court concludes plaintiffs can receive full relief if they succeed on the remaining first count alone.

In response to plaintiffs' Complaint, defendant moves to dismiss on three grounds: the individual plaintiffs' claims are barred by the statute of limitations or laches, and plaintiff VVA therefore lacks standing; the Navy has unbridled discretion under the Laird Memoranda; and defendant's actions are consistent with those memoranda as a matter of law.

■ Plaintiffs have a six (6) year statute of limitations from the time their right of action first accrued to bring this civil action against the United States. 28 U.S.C. 2401(a). Defendants contend plaintiffs' cause of action accrued either when they were discharged or when the Laird Memoranda were issued. Plaintiffs are challenging the denial of their upgrades, not their actual discharges, so their right of action did not accrue on the date of their discharges. The Laird memoranda required plaintiffs to apply administratively to the Navy's DRB for an upgrade. An appeal to the Navy's BCNR would then be required to exhaust plaintiffs' administrative remedies. The Court concludes that plaintiffs' right of action to challenge the Navy's denial of an upgrade accrued when the Navy's BCNR issued its decision. The individual plaintiffs filed their complaint within six years of their respective upgrade deni-

---

1. Plaintiffs conducted an extensive random sample of the Army and Air Force's discharge recharacterization cases, and concluded the results prove that the Army and Air Force's interpretation is that the Laird memoranda mandate an upgrade when the prerequisites are met. Defendants have submitted contrary conclusions through affidavits of the President of the Army's DRB and the Chief of the Air Force's DRB.

als by the BCNR, thereby meeting the statute of limitations requirement.

■ For defendant to succeed on his defense of laches, "the evidence must show both that the delay was unreasonable and that it prejudiced the defendant." *Van Bourg v. Nitze*, 388 F.2d 557, 565 (D.C.Cir. 1967). Since Congress established a fifteen (15) year period for plaintiffs to seek review of their discharges (10 U.S.C. 1553), the Court concludes it was not unreasonable for plaintiffs to wait approximately ten (10) years to seek an upgrade, and another few years to seek judicial review. Additionally, the Court is not satisfied that any delay by plaintiffs has prejudiced defendant in preparing a defense against the lawsuit on the merits. Accordingly, defendant's defense of laches is without merit.

■ Defendant had also moved to dismiss plaintiff Vietnam Veterans of America (VVA) based on defendant's posture that the individual plaintiffs were not properly before the Court and thus VVA lacked standing. As the Court has rejected defendant's contention, defendant's Motion to Dismiss must be denied on this ground.

The only remaining issue before the Court is whether summary judgment may be entered for either party on plaintiff's first count. That claim alleges defendant's DRB and BCNR's interpretation and actions pursuant to the Laird memoranda are unlawful within the meaning of the Administrative Procedure Act, 5 U.S.C. 706(2).

Plaintiffs interpret the memoranda as mandating an upgrade in all cases where the three prerequisites of the memoranda are met: the applicant must have been administratively discharged under other than honorable conditions, solely on the basis of personal drug use or possession of drugs for that purpose, and the discharge must have been finalized or in process on or before July 7, 1971. (Laird Memorandum of August 13, 1971).

Defendant contends that the memoranda gives defendant discretion to deny a discharge recharacterization even if the three criteria are met. Additionally, defendant asserts it is consistent with the memoranda and thus lawful to consider aggravating circumstances in the applicant's service record.

The Court concludes there are no genuine issues of material fact in dispute on this claim and it is appropriate for summary judgment. Resolution of this issue turns entirely upon whether the practices and policies employed by defendant's DRB and BCNR violate the spirit and intent of the Laird memoranda.

■ Plaintiffs contend the memoranda require an upgrade when the sole basis given for the discharge was personal use or possession of drugs. Defendant alleges an upgrade is only mandatory if the sole *possible* basis for the discharge involved such behavior.

Where interpretation of a document is at issue, courts will look to the plain meaning of the language employed to glean the intent of the drafter absent ambiguity or special usage. *See, Andrew G. Nelson, Inc. v. United States*, 355 U.S. 554, 557, 78 S.Ct. 496, 498, 2 L.Ed.2d 484 (1958). The Laird memorandum of August 13, 1971, stated that the authority granted to upgrade discharges was issued pursuant to the policy enunciated in Deputy Secretary of Defense Packard's memorandum of July 7, 1971. That memorandum stated that a service member could not be disciplined or dishonorably discharged for drug use if the evidence was developed by urinalysis administered for the purpose of identifying drug users. Similarily, a member could not be disciplined or dishonorably discharged solely because that person volunteered for treatment of drug usage.

This new policy of the Department of Defense was in response to the alarming increase in drug use and addiction during the Vietnam war era. *See,* Report of Hearings on Military Drug Abuse, 1971, U.S. Senate. The Department of Defense issued the new policy in conjunction with a Drug Identification and Treatment Program. (Packard Memorandum of July 7,

1971). This policy indicates the military's recognition that service members with personal drug problems should be treated rather than punished.

This emphasis on treatment is also evident in a recommendation of the Subcommittee on Drug Abuse of the Senate Committee on Armed Services:

> Members should not be subject to disciplinary action under the Uniform Code of Military Justice, or be discharged under other than honorable conditions, or be subject to other punitive or discriminatory action, solely on the basis of their examination and identification as being a drug abuser or drug dependent person or on the basis of information given in seeking and receiving treatment. *The records of individuals who have been administratively separated from the Armed Forces under other than honorable conditions because of drug abuse or drug dependence should be changed to indicate that the conditions of separation were honorable.*[2]

It is in consonance with these recommendations and Secretary Packard's memorandum, that the Laird memoranda followed. Accordingly, the intent of the Laird memoranda can be correctly understood only in conjunction with those policies and recommendations.

The intent of the Laird memoranda was to give service members discharged before the Packard memorandum's policy became effective the same benefit as service members received after the policy was instituted.

Each of the individual plaintiffs in this action met the three requirements of the Laird memoranda. They were brought before an administrative review board on the basis of unfitness, specifically for drug use or possession for personal use. Each of the plaintiffs had received three non-judicial punishments (NJP) during his military service, primarily for failing to go to his appointed place of duty. However, neither plaintiff was recommended for administrative discharge in conjunction with the NJP's.

Defendant contends that even though the two plaintiffs met the prerequisites of the Laird memoranda, defendant's DRB and BCNR may deny an upgrade based on these previous incidents for which plaintiffs had already been punished. In essence defendant is asserting that although plaintiffs were not originally dishonorably discharged for their NJP's, defendant's DRB and BCNR may now decide those incidents alone warranted a dishonorable discharge. There were no discharge proceedings in process at the time plaintiffs were recommended for discharge based on drug use or possession for personal use. The Court concludes that but for the charges of drug involvement, plaintiffs would not have been dishonorably discharged at the time they were. To allow defendant to speculate in hindsight if there was any other possible reason plaintiffs could have been dishonorably discharged, would punish plaintiffs for an offense which was never litigated in the original discharge proceeding. The standards and procedures for an administrative discharge mandates that a service member be provided a trial-type adjudicatory proceeding before a dishonorable discharge may be issued. Department of Defense Directive 1332.14 (codified at 32 C>F>R> Part 41).

Pursuant to this regulation, plaintiffs were notified in writing that the proposed basis for their discharge was drug use or possession. Their entire administrative discharge proceedings were predicated on this proposed basis.

 The reasons that the DRB's and BCNR's cannot validly retry a veteran for a different "possible" reason for discharge were explained by the Court of Appeals in *Giles v. Secretary of the Army*, 627 F.2d 554 (D.C.Cir.1980). The case involved a class of Army veterans discharged less

2. Staff Report on Drug Abuse in the Military, Subcommittee on Drug Abuse of the Senate Committee on Armed Services (1971) p. 31.

than honorably for drug abuse based in part on compulsory urinalysis testing. The discharges all occurred after 1971, when the Laird and Packard Memoranda were issued and the urinalysis program began.

The District Court in *Giles* had prescribed an automatic upgrade for all veterans whose discharge was based, in whole or in part, on urinalysis, regardless of whether other factors were present. The Army argued, as the Navy does here, that it should be permitted, through its DRB, to review each veteran's entire service record to determine whether other possible reasons for discharge authorize a less than Honorable Discharge. The Court of Appeals rejected the "possible" reason for discharge analysis (*Id.* at 558):

> All *class members* ... who were charged only with drug abuse shall be entitled to an automatic upgrading of their discharges to honorable. However, with respect to any class member who, *in his original discharge proceeding,* was charged with some other form of misconduct which could have independently supported a less than honorable discharge, the Army should have the option to initiate new administrative proceedings based solely on the non-drug related conduct. In other words, the Army may elect to initiate new proceedings for any class member whose service was characterized as less than honorable for reasons unrelated to compelled urinalysis but whose records at the initial discharge proceeding contained evidence of such urinalysis. (Emphasis in original.)

The Court went on to respond to the Army's claim that the DRB should be permitted to independently analyze the veteran's service record regardless of the original basis for discharge (*Id.* at 558–59):

> [U]nder the Army's proposal, the Army Discharge Review Board would be authorized to review a class member's entire military record, excluding the tainted urinalysis evidence, to determine whether to reclassify the service member. Such a procedure would be *grossly unfair because it would allow the Army to belat-*

*edly raise charges against a class member even though those charges were never contemplated or raised in the original discharge proceedings.* For another thing, under the Army's proposal, the review of each class member would occur at an appellate level, in a proceeding conducted by the Army Discharge Review Board. To allow such procedure would be to deny the service member the safeguards that are otherwise available in an administrative proceeding.

■ The Court concludes that the policies and practices of defendant's DRB and BCNR in denying recharacterization of discharges which fall within the parameters of the Laird memoranda violate the regulations under which the DRB and BCNR operate and are unlawful within the meaning of the Administrative Procedure Act, 5 U.S.C. 706(2). Defendant is hereby enjoined from denying the individual plaintiffs an upgraded discharge, as the Court finds the plaintiffs meet the prerequisites for automatic upgrade as specified in the Laird memoranda.

SO ORDERED.