**Joseph C. STEFFAN, Appellant**

v.

**Richard CHENEY, Secretary of Defense, et al.**

**No. 89–5476.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 5, 1990.

Decided Dec. 7, 1990.

Marc Wolinsky, New York City, with whom Calvin Steinmetz, Washington, D.C., Lambda Legal Defense & Education Fund, Inc., was on brief, for appellant.

E. Roy Hawkens, Atty., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., and Anthony J. Steinmeyer, Washington, D.C., Atty., Dept. of Justice, were on brief, for appellees.

Gregory B. Craig and David F. Addlestone, Washington, D.C., Vietnam Veterans of America, were on brief, for amicus curiae, urging that the District Court's decision be reversed and the case be remanded.

Before WALD, Chief Judge, D.H. GINSBURG and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Joseph C. Steffan resigned from the United States Naval Academy in 1987, after an administrative board recommended that he be discharged. The board's recommendation was based solely upon Steffan's statements proclaiming himself a homosexual; he was not charged with any homosexual conduct. In 1988 he filed this action, claiming that he was constructively discharged and challenging the constitutionality of the regulations that provided for the discharge of admitted homosexuals. The factual and procedural background of the case is set out in the opinion of the district court, and will not be repeated in detail here. *See* 733 F.Supp. 121, 122–23 (D.D.C. 1989); *see also* 733 F.Supp. 115, 115–17 (D.D.C.1989) (prior opinion).

The matter is before this court now because Steffan, claiming his Fifth Amendment privilege against self-incrimination, refused to answer deposition questions directed to whether he had engaged in homosexual conduct during or after his tenure as a midshipman. He also objected that the questions were not relevant to the legality of his separation. The district court, having issued a prior warning, dismissed Steffan's action for failure to comply with its discovery order, *see* Fed.R. Civ.P. 37(b)(2), and Steffan appeals. Although the district court has broad discretion in choosing a sanction under Rule 37, no sanction may be upheld if its imposition was based upon an error of law. *International Union, United Auto. Workers v. National Right to Work Found.*, 590 F.2d 1139, 1152 (D.C.Cir.1978). Because this is such a case, we reverse.

The district court acknowledged that "[t]he record is clear that [Steffan] was separated from the Naval Academy based on his admissions that he is a homosexual rather than on any evidence of misconduct." 733 F.Supp. at 124. Nevertheless, the court thought that the questions about homosexual conduct were "highly relevant" because, it believed, the Navy could "refuse reinstatement on the grounds that an individual has engaged in homosexual

acts." *Id.* at 126. The court held that "[i]n seeking reinstatement and award of his diploma, [Steffan] through his claims has placed in issue whether he is qualified for such relief." *Id.* at 127.

Judicial review of an administrative action is confined to "[t]he grounds ... upon which the record discloses that [the] action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). *See Walter A. Boswell Memorial Hosp. v. Heckler,* 749 F.2d 788, 792 (D.C. Cir.1984) (reviewing court "should have before it neither more nor less information than did the agency when it made its decision"). This rule applies with equal force to judicial review of administrative actions by the military. *See Bell v. United States,* 366 U.S. 393, 413, 81 S.Ct. 1230, 1241, 6 L.Ed.2d 365 (1961) (Army may not "rely ... upon an administrative determination that was never made, even if it be assumed that such a determination would have been permissible under the statute and supported by the facts"); *Giles v. Secretary of the Army,* 627 F.2d 554, 558–59 (D.C.Cir. 1980).

■ Here Steffan is challenging the Navy's administrative determination that he is unfit for continued service because he stated that he is a homosexual. That he seeks reinstatement as relief for an allegedly invalid separation does not put into issue the question whether he engaged in potentially disqualifying conduct unless

such conduct was a basis for his separation. *See White v. Secretary of the Army,* 878 F.2d 501, 505 (D.C.Cir.1989).* If Steffan was discharged wrongfully, he "ha[s] never been discharged[;] ... in the eyes of the law, [he] remain[s] in service." *Dilley v. Alexander,* 627 F.2d 407, 411 (D.C.Cir. 1980).

The district court therefore erred in finding the inquiry into homosexual conduct vel non to be relevant on the ground asserted in its opinion. Should the district court find that the questions are relevant on any other ground, it must of course balance anew the interests of the parties before deciding upon a sanction. *Attorney General of the United States v. Irish People, Inc.,* 684 F.2d 928, 951–53 (D.C.Cir.1982); *see also Founding Church of Scientology v. Webster,* 802 F.2d 1448, 1459 n. 15 (D.C. Cir.1986); *Black Panther Party v. Smith,* 661 F.2d 1243, 1272 (D.C.Cir.1981), *cert. granted and vacated as moot,* 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982). We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

*So ordered.*

* The Government now argues that Steffan's admission of homosexuality raised a "rebuttable regulatory presumption that he had a prediliction [sic] to commit, and had committed, homosexual acts." This argument, not raised in the district court, finds no support in the record.

*Cf. Ben–Shalom v. Marsh,* 881 F.2d 454, 457 (7th Cir.1989) (soldier given written notice of presumption).